## DODSON & PAYNE *vs.* McCAULEY.

1. Though for a tort which amounts to a felony no action can be maintained to redress the private injury without at the same time or previously prosecuting for the act as a public offense, unless a sufficient excuse is shown for the omission to prosecute, yet, the wrong-doer may lawfully contract with the injured party to pay a given amount by way of compensation for the private injury, and the breach of such contract will be a cause of action whether a prosecution has been commenced or not, provided the settlement was confined strictly to the claim for damages, and no attempt was made to satisfy the public offense, or to suppress a prosecution therefor.

2. A widow, intending in good faith to institute a civil action for damages resulting to her from the homicide of her husband, having retained counsel to begin and conduct the same, but not having prosecuted nor attempted to prosecute for the public offense, and the person against whom the action was about to be brought having freely and voluntarily given his promissory notes in fair compromise and settlement of the contemplated suit, some of the notes being payable to the widow, and one of them to her counsel, the latter note to liquidate the fee of the counsel, and the compromise not extending to, or affecting in any manner, the criminal elements of the homicide, the notes were not without consideration, whether the maker committed, or was concerned in the comission of the homicide or not, nor was the consideration, in whole or in part, illegal. Under the testimony in the present case, the note given to the counsel was collectible, and the verdict of the jury to that effect was in conformity to both law and evidence.

3. It was not competent evidence for the defendant that he had heard before the compromise that the widow's friends had made certain threats against his life and property, there being no evidence that the widow incited the threats, or that she or her counsel knew of them or had ever heard of them.

Torts, Contracts. Compromise and settlement. Consideration. Evidence. Before Judge McCutchen. Whitfield Superior Court. April Term, 1878.

Dodson & Payne brought suit in the justice court of the 1049th dist., G. M., on a note made by McCauley on March 24th, 1869, due by the 25th of the next ensuing December, for $75.00, payable to plaintiffs or bearer, " for professional services rendered by them.". Judgment was rendered for the plaintiff and defendant appealed.

The defendant pleaded as follows :

1. The note was obtained by fraudulent representations made by Payne, who told defendant that certain persons would swear things which might give him trouble, and under these fraudulent representations the defendant gave the note. Therefore the note is without consideration.

2. There was no consideration for the note.

3. The consideration was illegal and void, in this, that one Street Camp had been killed, and his widow, Julia, alleged that defendant was a party to such killing, threatened to have defendant indicted, asserted that the homicide was a felony, and also threatened an action for damages. In order to prevent any prosecution for the alleged felony (defendant not being to blame in the matter), as well as to settle any' claim for damages, defendant gave the note sued on as a part of the settlement, the understanding being that there was to be no prosecution, and but for such understanding the note would not have been given.

The evidence for the plaintiff, and it preponderated, was that the settlement was of the proposed action for damages; that plaintiffs were the attorneys of Mrs. Camp, were only employed to bring the civil suit, and had no authority from

her either to institute a prosecution or to settle the same; that all of this was distinctly understood by defendant at the time the settlement was perfected; that the note sued on was given to plaintiffs to cover their fee for professional services rendered in the matter.

Defendant's testimony was substantially to the effect set forth in the pleas.

The jury found for the plaintiffs. The defendant moved for a new trial upon the following, among other grounds:

1. Because the court refused to charge as follows: "If no prosecution was intended or instituted, and no such prosecution has been instituted, the settlement will not be upheld, according to the provisions of the Code, §3055, which defendant insists controls this case."

2. Because the court charged as follows: "A widow may maintain a civil suit for damages for the homicide of her husband, but she cannot maintain such suit without first prosecuting the accused for the criminal offense, or without prosecuting him simultaneously with the civil suit for damages; yet, if Mrs. Camp *bona fide* intended to commence a civil suit for damages against defendant for the homicide of her husband, and had employed lawyers to institute such civil suit, she had the right to settle with defendant such damage controversy, provided nothing more than her civil claim for damages was in fact included, or intended to be included, in such settlement. It is for the jury to find from the evidence, what such settlement embraced, or was intended to embrace. If the whole, or any part, of the consideration of the note was for the settlement of the criminal offense, or to suppress or prevent a criminal prosecution against defendant, then the whole note would be void, and plaintiffs cannot recover. But if such illegal consideration did not enter into the settlement, and formed no part of it, and if the consideration of the note was solely for the damages which the law allows to the widow in such cases, then the note would not be void, though no criminal prosecution had in fact been commenced against defendant."

3. Because the court excluded the following evidence of defendant: " He had heard that he had been threatened by Mrs. Camp's friends that they intended to kill him and burn his house, and indict him."

The court ordered a new trial, and plaintiffs excepted.

Shumate & Williamson ; W. H. Payne, for plaintiffs in error.

Dawson A. Walker, for defendant, cited 37 *Ga.*, 557; Code, §§2970, 3054, 3055; 5 *Ga.*, 411 ; 9 *Ib.*, 555 ; 15 *Ib.*, 351; 16 *Ib.*, 203 ; 4 Black. Com., 6 ; 39 *Ga.*, 89 ; 54 *Ib.*, 505 ; Code, §2750 ; Story on Con., 546 ; Code, §3054 ; Rev. Code, §§4609, 4610, 3771; 36 *Ga.*, 611.

Bleckley, Justice.

1. This action was not for a tort but for the breach of an express contract. The duty of prosecuting for the homicide of Camp had nothing to do with it, though the alleged stipulation not to prosecute had much to do with it. The duty of prosecuting is enjoined where the action is for the injury—the tort embraced in the felony. Code §2970. But after the felon has liquidated the damages and given his promissory note for them, his liability rests upon the law of contract ; and surely there is no rule which requires anybody to prosecute anybody in order to recover on a contract. The legality of the contract, if controverted, is essential to a recovery ; and in this case the true controversy is on that question, and not on the duty to prosecute for the homicide of Camp. The notes given to Mrs. Camp and her counsel, were not illegal if the wrong-doer in a case of homicide may lawfully contract to pay a given amount by way of compensation of the private injury to the wife of the deceased. And why may not this be done—this, pure and simple ? By statute, the wrongful homicide of the husband gives the widow a right of action for damages. To enforce this right coercively, a prosecution as well as an action is necessary,

unless a good excuse is shown for not prosecuting. But when the wrong-doer does not stand upon an action, and instead of risking a jury to assess the damages, computes them for himself, and procures a stipulation that there shall be no action for the tort, giving his notes for the agreed compensation by way of compromise or settlement of the civil injury alone, what illegality is there in the transaction? The Code, section 3054, expressly sanctions it in these terms: "If the tort complained of does not amount to a crime, the person injured may consent to a satisfaction and settlement thereof; and if it does amount to a crime, the person injured may agree upon and receive compensation for the personal injury. Any attempt, however, to satisfy the public offense, or to suppress a prosecution therefor, is illegal, and vitiates the entire agreement, except in those cases where the law expressly allows of such a settlement." Courts adjudicating upon the common law have enunciated substantially the same rule. 1 Camp., 45; 1 Starkie, 467; 5 Hill, 249; 9 Wis., 476; 6 Adolph. & Ellis, 308. In the case last cited, Lord Denman says: "We shall probably be safe in laying it down that the law will permit a compromise of all offenses, though made the subject of a criminal prosecution, for which the party might sue and recover damages in an action. It is often the only manner in which he can obtain redress. But, if the offense is of a public nature, no agreement can be valid that is founded on the consideration of stifling a prosecution for it." The exchequer chamber afterwards reviewed the case, (9 Adolph. & El., N. S. 371) and in the opinion delivered by Tindal, C. J., the following passage occurs: "We have no doubt that in all offenses which involve damages to an injured party for which he may maintain an action, it is competent for him, notwithstanding they are also of a public nature, to compromise or settle his private damage in any way he may think fit." Chit. on Con., 582; 6 Man. & Gr., 785; 21 Conn., 421.

2. If the evidence for the plaintiffs below contained the true version of the contract, (and the jury so found) the

compromise was confined to the intended action for the civil injury, and there was both a pure consideration and a valuable consideration for the notes which were given when the compromise was effected; one of which notes was the subject-matter of the present controversy. Whether McCauley actually committed the homicide or was concerned in it, is not an open question; nor has it been since the notes were given. He closed it voluntarily by the terms of compromise. It is enough that an action was, in good faith, intended, and that the bringing of it was prevented by the settlement. The jury must have found that there was no fraud, or at least, that the plea which set up fraud was unsupported.

3. The exclusion of the testimony concerning threats was obviously proper, as there was nothing to connect Mrs. Camp or her counsel with them, or with any knowledge of them. If threats influenced Mr. McCauley, he should have made it known at the time.

The court committed no error for which a new trial should be granted, and the verdict of the jury was in conformity to both law and evidence.

Judgment reversed.